**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| BRAIDS R US 305, HAWAII RENT A FENCE, INC., and AMERICAN SECURITY FENCE COMPANY, INC., on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>PRIORITY PAYMENT SYSTEMS, LLC and PRIORITY TECHNOLOGY HOLDINGS, INC.,<br><br>*Defendants*. | CIVIL ACTION NO. |

**DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, as amended by the Class Action Fairness Act of 2005 ("**CAFA**"), Defendants Priority Payment Systems, LLC ("**Priority**") and Priority Technology Holdings, Inc. ("**PRTH**, and with Priority, "**Defendants**") hereby remove this action from the Superior Court of Cobb County to the United States District Court for the Northern District of Georgia, Atlanta Division, showing the Court as follows.

## I. BACKGROUND

1. On or about November 18, 2021, Plaintiffs Braids R Us 305, Hawaii Rent A Fence, Inc., and American Security Fence Company, Inc. (collectively, "**Plaintiffs**") filed a putative class action lawsuit against Defendants in the Superior Court of Cobb County, Georgia, Case No. 2021-0151551-CV (the "**State Court Action**").

2. On November 29, 2021, Plaintiffs sent Defendants a copy of the Complaint and a Notice of Lawsuit and Request for Waiver of Service of Summons. A true and correct copy of all papers served upon Defendants as of the date of this filing are attached hereto as **Exhibit A**.

3. By return email on December 10, 2021, counsel for Defendants returned executed Waivers of Service of Summons to Plaintiffs. A true and correct copy of the same is attached hereto as **Exhibit B**.

4. Because Defendants have filed their Notice of Removal within thirty (30) days of being sent a copy of the Complaint on November 29, 2021, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

5. As required by 28 U.S.C. § 1446(d), Defendants shall serve this Notice of Removal on all parties to this action, and shall file in the Superior Court of Cobb County a Notice of Filing of Notice of Removal, which attaches this

Notice of Removal. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit C**.

## II. JURISDICTION AND VENUE ARE PROPER IN THIS COURT

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 90(a)(2) because the Atlanta Division of the United States District Court for the Northern District of Georgia embraces the Superior Court of Cobb County, where the State Court Action was filed.

7. As explained below, this Court has original subject-matter jurisdiction over this action and all claims asserted against Defendants under CAFA, 28 U.S.C. §§ 1332(d) and 1453(b). Because this Court has subject-matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

8. In the Complaint, the Plaintiffs allege that Defendants "burie[d] them with unanticipated, improper, and excessive fees" for payment processing services. (Compl. ¶¶ 5, 64-69.) Plaintiffs define the class they seek to represent as: "All United States customers of Priority who were assessed any fee (a) not identified in the fee schedule of their merchant processing application and agreement or (b) in an amount that exceeded the fee amount identified in such

fee schedule." (*Id.* ¶ 122.) Plaintiffs' Complaint contains claims for fraudulent inducement, breach of contract, and unjust enrichment. (*Id.* ¶¶ 134-161.)

9. Plaintiffs seek on behalf of themselves and the putative class "damages and/or rescission of their contracts with Defendants, or other equitable relief, including restitution of funds Defendants took from them without permission" (*id.* ¶ 142); damages for breach of contract (*id.* ¶¶ 149 & 154); and "restitution . . . as well as an order from this Court requiring disgorgement of all profits, benefits, and other compensation obtained by Defendants by virtue of their wrongful conduct." (*Id.* ¶ 161.)

10. CAFA permits the removal of a class action against a non-governmental entity when (a) the number of proposed class members is not less than 100; (b) the aggregate amount in controversy, exclusive of interest and costs, exceeds $5,000,000; and (c) any member of the proposed plaintiff class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d). All three conditions are satisfied here.

**A. The number of proposed class members is greater than 100**

11. Plaintiffs allege that: "The members of the Class are so numerous that individual joinder of all the members is impractical." (Compl. ¶ 127.) They describe that class as comprising "hundreds of thousands of merchants[.]" (*Id.*)

12. The face of the Complaint, therefore, establishes that the number of proposed class members is not less than 100.

13. In fact, and as Plaintiffs observe, "[o]ver 200,000 merchants rely on Priority to process over 590 million transactions, representing $55 billion in payments processed on an annual basis." (*Id.* ¶ 20.) Plaintiffs appear to claim that all such merchants should be part of the putative class.

**B. The aggregate amount in controversy exceeds $5,000,000**

14. The $5,000,000 jurisdictional threshold may be based on an aggregation of all the potential class members' claims. 28 U.S.C. § 1332(d)(6).

15. At the removal stage, "all that is required is a 'short and plain statement of the ground for removal,' including 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) (citing *Dart Cherokee Basin Operation Co. v. Owens*, 135 S. Ct. 547, 554 (2014)).

16. Moreover, the "amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Dudley*, 778 F.3d at 913 (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)).

17. Here, Plaintiffs seek on behalf of themselves and the putative class, *inter alia*, damages for breach of contract and "restitution . . . as well as an order from this Court requiring disgorgement of all profits, benefits, and other compensation obtained by Defendants by virtue of their wrongful conduct." (*Id.* ¶¶ 149, 154 & 161.)

18. In the case of Braids R Us 305, Plaintiffs contend that Defendants wrongfully debited more than $200 per month from the Plaintiff's account for several consecutive months, obtaining "in excess of $850" in allegedly improper fees. (*Id.* ¶¶ 83-98.)

19. In the case of Hawaii Rent A Fence, Inc. and American Security Fence Company, Inc., Plaintiffs contend that Defendants' allegedly improper conduct caused those Plaintiffs to incur a $70 settlement payment (even after being refunded the allegedly improper fees) plus unspecified higher interest rate payments on two trucks related to negative credit reporting. (*Id.* ¶¶ 114-119.)

20. Plaintiffs do not quantify the total purported damages sought by the class or the amount of the profits, benefits, and other compensation they seek to have Defendants disgorge.

21. Nevertheless, Plaintiffs characterize the imposition of unauthorized fees by Defendants, which Plaintiffs seek to recover as damages and/or

disgorgement, as a "buri[al]" and a "flood[.]" (*Id.* ¶¶ 5, 12.) They further describe the imposition of such fees by Defendants to be "pervasive" and reflective of Defendants' "whole business model[.]" (*Id.* ¶¶ 2 & 66.)

22. Plaintiffs also (accurately) describe Defendants as providing payment processing services to more than 200,000 merchants and facilitating the transaction of more than $55 billion per year. (*Id.* ¶ 20.)

23. Plaintiffs represent that the claims asserted by Braids R Us 305, Hawaii Rent A Fence, Inc., and American Security Fence Company, Inc. are "typical of the other Class members' claims[.]" (*Id.* ¶ 130.)

24. Thus, if one were to accept the allegations of the Complaint as true, (i) Defendants' alleged imposition of improper fees is pervasive and a core feature of their business model; (ii) the putative class is made up of no fewer than 200,000 merchants; and (iii) a typical claim asserted by a class member would seek recovery of between $70 and $850 in damages. Even on the low end, simple arithmetic therefore suggests an estimated amount in controversy of well more than $5 million.

25. Viewed another way, if Braids R Us 305's claims were "typical," then, with an average damages demand of $850, a class consisting of just 3% of Defendants' *current* merchant customers would meet the CAFA jurisdictional

threshold (*i.e.*, 200,000 *x* 0.03 *x* $850 = $5.1 million). If the average merchant's damages demand were closer to $70, then a class consisting of just 40% of Defendants' *current* merchant customers would likewise qualify (*i.e.*, 200,000 *x* 0.04 *x* $70 = $5.6 million).

26. Plaintiffs project the putative class to be far larger, alleging that "[t]here are *hundreds of thousands* of merchants that have been damaged by Defendants' wrongful conduct as alleged herein." (*Id.* ¶ 127 (emphasis supplied).)

27. Accordingly, CAFA's amount in controversy is satisfied.

**C. Diversity of citizenship exists**

28. CAFA confers district courts with original jurisdiction over class actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

29. The requisite diversity of citizenship exists between Plaintiffs and Defendants here.

30. By way of example, Plaintiff Hawaii Rent a Fence, Inc. is described as a Hawaiian corporation with its place of business in Oahu, Hawaii. (Compl. ¶ 18.) Consequently, it is a citizen of the State of Hawaii for purposes of removal.

31. Defendant PRTH by contrast, is a Delaware corporation with its principal place of business in Alpharetta, Georgia. (*Id.* ¶ 20.) Thus, PRTH is a citizen of the States of Delaware and Georgia for purposes of removal.

32. Because at least one member of the proposed class of plaintiffs is a citizen of a different state from at least one defendant, CAFA's diversity requirement is satisfied.

33. Furthermore, Defendants' merchants are located all across the United States. Less than one-third of members of the proposed class are citizens of Georgia.

WHEREFORE, for all the foregoing reasons, the Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d), 1441(b), 1446, and 1453, and this action is properly removed to this Court.[1]

[*Signature of Counsel Appears on Following Page* ]

---

1 Defendants intend no admission of liability by this Notice and expressly reserve all defenses, motions, and pleas, including, without limitation, objections to the sufficiency of Plaintiffs' pleadings and to the propriety of class certification.

Respectfully submitted this 29th day of December, 2021.

ARNALL GOLDEN GREGORY LLP

/s/ Edward A. Marshall
Edward A. Marshall
Ga Bar No. 471533
edward.marshall@agg.com
Theresa Y. Kananen
Ga Bar No. 478998
theresa.kananen@agg.com
Morgan E. M. Harrison
Ga Bar No. 470983
morgan.harrison@agg.com

171 17th St. NW, Suite 2100
Atlanta, GA 30363-1031
Telephone: 404.873.8500
Facsimile: 404.873.8501

*Attorneys for Defendants Priority Payment Systems, LLC and Priority Technology Holdings, Inc.*

**CERTIFICATE OF COMPLIANCE AND SERVICE**

The undersigned hereby certifies that on December 29, 2021, the foregoing NOTICE OF REMOVAL was prepared using 13-point Book Antiqua font, and was filed electronically with the Clerk of Court, using the CM/ECF filing system. In addition, a copy of this NOTICE OF REMOVAL was served via U.S. Mail, postage prepaid on the following counsel of record:

E. Adam Webb
Matthew C. Klase
G. Franklin Lemond, Jr.
Webb, Klase & Lemond, LLC
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339

*Attorneys for Defendants*

/s/ Edward A. Marshall
Edward A. Marshall
Ga Bar No. 471533