# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| BRAIDS R US 305, HAWAII RENT A FENCE, INC., AMERICAN SECURITY FENCE COMPANY, INC., and B.O.G. LIQUOR, INC., on behalf of themselves and all others similarly situated, | CIVIL ACTION NO. 1:21-cv-05318-WMR |

       *Plaintiffs*,

v.

PRIORITY PAYMENT SYSTEMS, LLC and PRIORITY TECHNOLOGY HOLDINGS, INC.,

       *Defendants.*

---

PAUL JUDITH ENTERPRISES, INC., individually and on behalf of all others similarly situated,

       *Plaintiff*,

v.

PRIORITY PAYMENT SYSTEMS, LLC and PRIORITY TECHNOLOGY HOLDINGS, INC.,

       *Defendants.*

## STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER

To expedite the flow of discovery material between the parties, facilitate prompt resolution of disputes over confidentiality, and adequately protect confidential information, the parties and their counsel agree, and for good cause shown, the Court hereby ORDERS as follows:

1.      The parties acknowledge that discovery in this Action will likely involve the production of confidential, proprietary, and/or private information, for which special protection is warranted.  For purposes of this Order, the above-captioned action shall be referred to as "Action."

## SCOPE

2.      The protections conferred by this Order cover Confidential matter designated by the parties and non-parties pursuant to the terms of this Order.  All copies, excerpts, summaries, compilations, testimony, conversations, presentations, documents, or records that include, communicate, or reveal designated Confidential matter are themselves deemed to constitute Confidential matter of the same type, whether or not marked or designated as such.

## DESIGNATING PROTECTED MATTER

3.      Any party or non-party may designate as "Confidential" any document, response to discovery, or any other information that is not in the public domain and that the producing party or non-party believes in good faith to contain

trade secrets or confidential product and service development, business, financial, strategic planning, pricing, security, or customer information. The fact that any matter has been designated by a producing party as Confidential shall not be construed as creating any presumption as to the confidentiality of such matter in the event of a motion challenging the Confidentiality designation.

4.      Any party or non-party may designate as "Highly Confidential – Attorneys Eyes Only" any Confidential document that the producing party believes to be of an especially highly-sensitive commercial nature, and includes trade secrets and personally identifying information, including documents reflecting, containing, or derived from the producing party's confidential contracts and agreements, revenues and profits, pricing, pricing strategies and services, account information, and customer list and other customer identifying information, where disclosure of that information to the producing party's competitors, suppliers, or customers would injure the producing party in the operation of its business.

5.      A party or non-party designating matter as Confidential shall make a good faith determination that any matter so designated warrants protection hereunder. Confidential designations must be narrowly tailored to include only matter for which the producing party, in good faith, believes there is

- 3 -

good cause for the designation.  Designations shall be made by stamping each designated page, if practicable, or otherwise by stamping the title page, CD, DVD, hard drive, or other medium containing such designated matter; or as otherwise set forth herein.  In the case of Confidential documents produced in Native Format under the Case Management Order No. 1, the designation shall be provided in a cover letter (or email) and/or on the production media.  The electronic file name of Confidential documents produced in Native Format shall not include "Confidential" but shall only include the Bates Number of the document.

6.      A party or non-party that makes original matter available for inspection need not designate it as Confidential until after the inspecting party has indicated which matter it would like copied and produced.  During the inspection and prior to the designation and copying, all of the matter made available for inspection shall be considered Confidential.

7.      Any copies or reproductions, summaries, or other documents or media (e.g., electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of (other than in non-confidential general terms) Confidential matter shall also be treated by the receiving party as Confidential matter pursuant to this Order.

- 4 -

8.      Deposition testimony and the transcripts and video recordings of depositions conducted during pretrial discovery in this litigation shall be treated as Confidential.  Any party to this Action may object to any confidential treatment of material designated as confidential under this paragraph, at which point the Confidential-designated information shall be treated as Confidential pursuant to the terms of this Confidentiality Order until any dispute is resolved according to the procedures described in paragraph 17 below.

9.      A party may designate as Confidential matter produced by a non-party by providing written notice to all parties of the relevant Bates numbers or other identification within fifteen (15) business days after discovering such Confidential matter.

10.      In general, inadvertent production of or failure to designate any matter as Confidential shall not be deemed a waiver of the producing party's or non-party's claim of Confidentiality as to such matter, and the producing party or non-party may thereafter designate such matter as Confidential within fifteen (15) business days of the discovery of the inadvertent production or failure to designate.  However, no such designations may be made less than forty-five (45) days prior to the final pretrial conference, as scheduled by the Court.

### ACCESS TO AND USE OF PROTECTED MATTER

11.    All matter produced or exchanged in the course of this Action and not filed with the Court shall be used solely for purposes of prosecuting or defending this Action.  Under no circumstances shall any matter produced or exchanged be used for any other purpose, including, but not limited to, business, commercial, competitive, or personal purposes, or in any litigation, investigation, or proceeding other than this Action.

12.    Absent the prior written consent of the parties to this Action, or upon prior Court Order obtained following notice to opposing counsel, Confidential matter (including any copies of, notes made from, or information contained in Confidential matter) shall only be disclosed to the following persons:

(a)    The Court, including court personnel;

(b)    Court reporters and their assistants, to the extent reasonably necessary for reporting of depositions, hearings and proceedings;

(c)    Any mediator selected by the parties to the Action or the Court to mediate the Action;

(d)    The attorneys of record in the Action, including the respective employees and personnel retained by such attorneys and/or law firms to whom it is necessary to disclose such matter in furtherance of prosecuting or defending the

18376411v2

Action, such as litigation assistants, paralegals, secretarial, and other clerical personnel;

(e)     In-house counsel for a party to the Action, and/or a party's parent company or affiliate, including legal assistants and other legal and clerical staff, to whom it is necessary to disclose such matter in furtherance of the prosecuting or defending the Action;

(f)     Vendors retained to assist in the Action by an attorney described in subparagraph (d) of this paragraph including, but not limited to, copying and reproduction services, provided they sign the "Acknowledgement and Order to be Bound" attached as Exhibit A to this Order before being shown Confidential matter, and provided further they do not retain any copies of any Confidential matter;

(g)     Authors, originators, or recipients of the matter (including "bcc" recipients), as specifically reflected on the face of the matter and/or in associated metadata, or any other person who otherwise is shown to have knowledge of the matter; provided, however, that any author, originator, or recipient that is neither a party nor a current employee or agent of a party must execute Exhibit A, and a copy of that executed Exhibit A must be retained by counsel for the party showing

- 7 -

the Confidential material to that individual but need not be provided to counsel for the designating party absent a showing of good cause;

(h)    Present and former employees, officers and directors of the party or non-party producing the Confidential matter; provided, however, that any such person that is neither a party nor a current employee or agent of a party must execute Exhibit A, and a copy of that executed Exhibit A must be retained by counsel for the party showing the Confidential material to that individual but need not be provided to counsel for the designating party absent a showing of good cause;

(i)    Deponents and witnesses or prospective witnesses (and counsel for such witnesses); provided, however, that any such person that is neither a party nor a current employee or agent of a party must execute Exhibit A, and a copy of that executed Exhibit A must be retained by counsel for the party showing the Confidential material to that individual but need not be provided to counsel for the designating party absent a showing of good cause;

(j)    Experts or consultants (whether testifying or non-testifying), including investigators, retained by a party or counsel to the Action, provided the experts or consultants sign the "Acknowledgement and Order to be Bound" attached as Exhibit A to this Order before being shown Confidential matter;

- 8 -

(k)     Insurers of the Defendants in the Action; and

(l)     Individual   parties   to   the   Action,   including   management representatives of corporate parties.

The "Acknowledgements and Agreements to be Bound" required to be signed as provided in this paragraph shall be retained by counsel for the party disclosing the Confidential matter and made available for inspection by the Court, *in camera*, upon request by any party and a showing of good cause.

13.     Absent the prior written consent of the parties to this Action, or upon prior Court Order obtained following notice to opposing counsel, "Highly Confidential – Attorneys Eyes Only" matter (including any copies of, notes made from, or information contained in "Highly Confidential – Attorneys Eyes Only" matter) shall only be disclosed to the following persons:

(a)     The Court, including court personnel;

(b)     Court   reporters   and   their   assistants,   to   the   extent   reasonably necessary for reporting of depositions, hearings and proceedings;

(c)     Any mediator selected by the parties to the Action or the Court to mediate the Action;

(d)     The attorneys of record in the Action, including the respective employees and personnel retained by such attorneys and/or law firms to whom it

18376411v2

is necessary to disclose such matter in furtherance of prosecuting or defending the Action, such as litigation assistants, paralegals, secretarial, and other clerical personnel;

(e)    In-house counsel for a party to the Action, and/or a party's parent company or affiliate, including legal assistants and other legal and clerical staff, to whom it is necessary to disclose such matter in furtherance of the prosecuting or defending the Action;

(f)    Vendors retained to assist in the Action by an attorney described in subparagraph (d) of this paragraph including, but not limited to, copying and reproduction services, provided they sign the "Acknowledgement and Order to be Bound" attached as Exhibit A to this Order before being shown Confidential matter, and provided further they do not retain any copies of any Confidential matter;

(g)    Authors, originators, or recipients of the matter (including "bcc" recipients), as specifically reflected on the face of the matter and/or in associated metadata, or any other person who otherwise is shown to have knowledge of the matter; provided, however, that any author, originator, or recipient that is neither a party nor a current employee or agent of a party must execute Exhibit A, and a copy of that executed Exhibit A must be retained by counsel for the party showing

18376411v2

the Confidential material to that individual but need not be provided to counsel for the designating party absent a showing of good cause;

(h)     Deponents and witnesses or prospective witnesses (and counsel for such witnesses); provided, however, that any such person that is neither a party nor a current employee or agent of a party must execute Exhibit A, and a copy of that executed Exhibit A must be retained by counsel for the party showing the Confidential material to that individual but need not be provided to counsel for the designating party absent a showing of good cause;

(i)     Experts or consultants (whether testifying or non-testifying), including investigators, retained by a party or counsel to the Action, provided the experts or consultants sign the "Acknowledgement and Order to be Bound" attached as Exhibit A to this Order before being shown Confidential matter; and

(j)     Insurers of the Defendants in the Action.

The "Acknowledgements and Agreements to be Bound" required to be signed as provided in this paragraph shall be retained by counsel for the party disclosing the Highly Confidential – Attorneys Eyes Only matter and made available for inspection by the Court, in camera, upon request by any party and a showing of good cause.

14.     Any persons receiving Confidential matter shall not reveal such matter to, or discuss such matter with, any person who is not entitled under this Order to receive such matter.  If a party or any of its representatives, including counsel, inadvertently discloses any Confidential matter to persons or counsel who are not authorized to use or possess such matter, the party shall (a) provide immediate written notice of the disclosure to the producing party, and, if different, to the designating party and the party whose matter was inadvertently disclosed, (b) use its best efforts to retrieve all copies of the inadvertently disclosed matter, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and provide such person or persons with a copy of the same, and (d) request such person or persons sign the Certification.  If a party or any of its representatives, including counsel, has actual knowledge that Confidential matter is being used or possessed by a person not authorized to use or possess that matter, regardless of how the matter was disclosed or obtained by such person, the party or its representative shall provide immediate written notice of the unauthorized use or possession to the party or non-party whose matter is being used or possessed.

15.     Any disclosure by a party or non-party of Confidential matter it produced and designated as such shall be in accordance with the terms and

18376411v2

requirements of this Order.  Otherwise, the disclosed Confidential matter may be deemed by the Court to have lost its Confidential status.

## PROTECTED MATTER SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

16.    If a court or government agency subpoenas or orders production of Confidential matter from a party to this Action, such party shall promptly notify counsel for the party or non-party who produced or designated the matter of the pendency of such subpoena or order and shall furnish counsel with a copy of that subpoena or order.  Such party shall also promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the matter covered by the subpoena or order is subject to this Order.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

17.    If a party contends that any matter is not entitled to Confidential treatment, the following procedures apply:

(a)    Timing of Challenges.  Unless a prompt challenge to a Confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the Action, a party does not waive its right to challenge a Confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

18376411v2

(b)    <u>Meet and Confer</u>.  A party that wishes to challenge a Confidentiality designation must do so in good faith and by conferring directly, via voice-to-voice dialogue, email, letter, or in person, with the designating party.  A request by the challenging party to meet and confer must be honored by the designating party within five (5) business days of the request being made.  In conferring, the challenging party must identify the matter that is subject to the challenge, the basis for its belief that the Confidentiality designation was not proper, and give the designating party a reasonable opportunity to review the designated matter, to reconsider the circumstances and, if no change in designation is offered, to explain the basis for the chosen designation.  Unless otherwise agreed, a response to any challenged designation must be received within ten (10) business days of the meet and confer between counsel.

(c)    <u>Judicial Intervention</u>.  A party wishing to challenge a Confidential designation may file a motion with the Court within thirty (30) days after receiving the response to the challenged designation that identifies the challenged matter and sets forth in detail the basis of the challenge.  The burden of persuasion on any such motion shall be on the party or non-party that has designated matter as Confidential.

18376411v2

18.     Notwithstanding any motion challenging the designation of matter as Confidential, all matter shall continue to be treated as they were designated and shall be subject to the provisions hereof unless and until one of the following occurs:

(a)     the party or non-party who claims that the matter is Confidential withdraws or changes such designation in writing; or

(b)     the Court rules the matter is not entitled to protection as Confidential matter.

## DURATION

19.     All provisions of this Order restricting the communication or use of Confidential matter shall continue to be binding after the conclusion of the Action (including any appellate review), until a designating party agrees otherwise in writing or a court order otherwise directs.  Upon conclusion of the Action, a party in the possession of Confidential matter, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either: (a) return such matter no later than sixty (60) days after conclusion of the Action to counsel for the producing party who provided such matter, or (b) destroy such matter upon consent of the producing party who provided the matter and certify in writing within sixty (60) days that the matter has been destroyed.

## INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED MATTER

20.    The production of privileged or work-product protected documents, electronically-stored information ("ESI"), or other information, whether inadvertent or not, is not a waiver of the privilege or protection in this case or in any other federal or state proceeding.

21.    This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). To properly assert a privilege over produced information, the producing party will not have to satisfy the elements of Federal Rule of Evidence 502 (b) — i.e., it will not have to show that the production was inadvertent, it will not have to show it took reasonable precautions to prevent the production, and it will not have to show that it took reasonably prompt measures to rectify the error once it knew or should have known of the production.

22.    Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness, or segregation of privileged or protected information before production.

23.    If a party produces matter that it later discovers, or, in good faith, later asserts, to be privileged or otherwise protected from disclosure, the

production of that matter will not be presumed to constitute a waiver of any applicable privileges or other protections, provided the producing party complies with this paragraph. In such circumstances, the producing party must promptly, upon discovery, notify in writing all parties to the Action of the inadvertent production and the basis for the privilege or other protection, and request in writing the return or confirmed destruction of the produced matter. Within ten (10) business days of receiving such notification, all receiving parties shall (a) return the matter to the producing party; or (b) confirm in writing to the producing party the destruction of all such matter, including all excerpts, summaries, compilations, and other documents or records that include, communicate or reveal matter claimed to be privileged or protected, or (c) notify the producing party in writing of the basis for its disagreement that such matter is privileged or protected from disclosure. In the latter event only, the receiving party or parties may retain one copy of the matter asserted to be privileged for the sole purpose of responding to a motion by the producing party to deem the matter privileged or protected from disclosure and shall comply with (a) or (b) above with respect to all other copies of such matter and all other documents or records that include, communicate or reveal matter claimed to be privileged or protected. Should the parties be unable to agree on whether the matter is privileged or protected, the

18376411v2

producing party shall file a motion with the Court within thirty (30) days of its receipt of the receiving party's notice of disagreement under (c) above, or any extended period as the parties agree, to deem the matter privileged or protected and to obtain the return of any copy of such matter still held by the receiving party.

## FILING PROTECTED MATTER

24.    Absent written permission from the designating party or a court order secured after appropriate notice to all interested persons, all Confidential matter filed with the Court shall be filed under seal in accord with the local rules and procedures of this Court.  The parties acknowledge that this Agreement creates no entitlement to file confidential information under seal; the party seeking to file confidential information under seal shall follow the procedures specified by this Court.

25.    Pursuant to the Court's Standing Order Regarding Civil Litigation: "Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidentiality status only by order of the Court in accordance with the procedures outlines in section II.c. of the Court's Standing Order Regarding Civil Litigation."

**MISCELLANEOUS**

26.      The provisions of this Order may be modified at any time by stipulation of the parties, or upon noticed motion by a party to an Action for good cause shown.

27.      Nothing in this Order shall affect the right of any party or non-party to oppose any request for discovery on any ground permitted by the Federal Rules of Civil Procedure, and no party shall be deemed by virtue of this Order to have waived any right it otherwise would have to object to disclosing or producing any matter on any such ground.  Similarly, no party waives any right to object on any ground to the use in evidence of any of the matter covered by this Order.

28.      Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular matter, or to seek modification of this Order upon due notice to all other parties and affected non-parties.

18376411v2

29.     Nothing in this Order is intended to increase or to limit any preexisting duty of confidentiality, pursuant to contract or otherwise, that a party or non-party may owe each other with respect to any matter.

**IT IS SO ORDERED** this _____ day of _____, 2022.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

- 20 -

Stipulated and agreed to this 18th day of August, 2022.

/s/ E. Adam Webb                          /s/ Morgan E. M. Harrison
E. Adam Webb                              Edward A. Marshall
Georgia Bar No. 743910                    Georgia Bar No. 471533
Matthew C. Klase                          Theresa Y. Kananen
Georgia Bar No. 141903                    Georgia Bar No. 478998
WEBB, KLASE & LEMOND, LLC                 Morgan E. M. Harrison
1900 The Exchange, S.E. Suite 480         Georgia Bar No. 470983
Atlanta, Georgia 30339                    ARNALL GOLDEN GREGORY LLP
Telephone: 770-444-0773                   171 17th Street, N.W., Suite 2100
Adam@WebbLLC.com                          Atlanta, Georgia 30363
Matt@WebbLLC.com                          Telephone: 404-873-8536 (EAM)
                                          edward.marshall@agg.com
*Counsel for Plaintiffs*                  theresa.kananen@agg.com
                                          morgan.harrison@agg.com

                                          *Counsel for Defendants*

- 21 -

18376411v2

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Confidentiality Agreement and Order (the "Order") ordered on _____ ___, 2022 in the action entitled *Braids R Us 305 et al. v. Priority Payment Systems, LLC et al.*, Civil Action No. 1:21-cv-05318-WMR (United States District Court for the Northern District of Georgia) ("Action").  I agree to comply with and to be bound by all the terms of that I solemnly promise that I will not disclose in any manner any matter of item that is subject to this to any person or entity except in strict compliance with the provisions of this.  I understand and acknowledge that my failure to comply with the Order could expose me to sanctions and punishment in the nature of contempt.  For the purpose of enforcing the terms of this Order, I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Georgia, solely with respect to any action to enforce the terms of the Order, even if such enforcement proceedings occur after termination of the Action, and even if such action is remanded to its transferor court for trial.

Date: _____

Home Address:    _____

_____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

- 22 -

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing document was prepared using 13-point Book Antiqua font, and was filed electronically with the Clerk of Court, using the CM/ECF filing system on August 18, 2022.

/s/ Morgan E. M. Harrison
Edward A. Marshall
Ga Bar No. 471533